UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re                                                               )
                                                                    )
MARGARET T. DONNELLY,              )        Case No. 6:04-bk-10669-KSJ
                                                                    )        Chapter 7
            Debtor.                                        )
                                                                    )

MEMORANDUM OPINION PARTIALLY GRANTING
TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

This case came on for hearing on February 23, 2005, on the Motion by Trustee for Turnover of Property of the Estate (Doc. No. 8). The issue is whether the debtor is required to turnover to the trustee the insurance proceeds she obtained after a car accident damaged her 1996 Lincoln Town Car, listed as property of the debtor's estate. The facts are largely undisputed.

The debtor, Margaret T. Donnelly, filed this Chapter 7 bankruptcy on September 28, 2004. Robert E. Thomas was appointed as the Chapter 7 trustee. In her schedules, Ms. Donnelly listed her ownership in a 1996 Lincoln Town Car. In Schedules B and C, the debtor listed the value of the Lincoln Town Car at $1,500 and claimed an exemption in the car for a total amount of $1,000. (The trustee does not dispute that the debtor is entitled to this $1,000 exemption.)

Both the trustee and the debtor concede the Lincoln Town Car had a value greater than $1,500 on the date the debtor filed this case. Further, both the trustee and the debtor rely upon the N.A.D.A. Official Older Used Car Guide for the applicable period. The trustee asserts that the car's actual value on the petition date was $4,575.

The debtor contends two deductions from this number are merited. The first deduction is for the car's high mileage. The debtor contends that the car had mileage exceeding 135,000 on the day the petition was filed. If so, the N.A.D.A. Official Older Used Car Guide provides that there should be a $2,325 reduction in value. The second deduction is a reduction of $250 for

cost of sale. If both of these deductions are allowed, the car had a value, pursuant to the N.A.D.A. Official Older Used Car Guide, of $2,000 versus the trustee's assertion of a value of $4,375.

The trustee, however, contends that the debtor's asserted lower value is not appropriate in light of subsequent events. After the debtor attended her meeting of creditors, she and her car were involved in an automobile accident. The debtor's car insurer has given the debtor a check in the amount of $3,972.55 to pay for repairs to the damaged vehicle. The trustee opines that the insurance company obviously believed the car had a value exceeding $3,972 because they would not have paid for the repair of a car if it had no value over and above the cost of repairs. (Debtor's counsel currently is holding the insurance proceeds pending the result of this hearing.) The trustee, however, failed to present any evidence on this point. Indeed, other than documentary evidence of pleadings and various exhibits related to the insurance recovery, all submitted by the debtor, neither party presented any evidence on what the actual value of the car was on the petition date.

Therefore, the Court finds that the best evidence of the value of the debtor's Lincoln Town Car on the petition date is the value attributed to it under the N.A.D.A. Official Older Used Car Guide, including the instructions in the guide to make necessary adjustments for the high mileage on the car and for reasonable cost of sale. As such, the value of the car on the petition date was $2,000.

The debtor is entitled to retain $1,000 of this amount as exempt from the claims of her creditors and is directed to turn over an additional $1,000 to the trustee. The Court cannot explain why the insurance carrier was so generous in its repair allowance, but the debtor is allowed to retain the balance of the insurance check to reimburse her for repairs she already has made to her automobile. Accordingly, the trustee's Motion for Turnover (Doc. No. 8) is partially granted insofar as the debtor is directed to turnover funds of $1,000 to the trustee within 10 days

of the entry of this order for his administration in connection with this case. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 17th day of March, 2005.

KAREN S. JENNEMANN
United States Bankruptcy Judge